Hugh E. Lucariello, Esq. HL-2558
Lucariello & Gualano, LLC
610 Franklin Avenue
Nutley, NJ 07110
Phone: (973) 235-9300
Telefax: (973) 235-9127
Attorneys for Plaintiff, Petri Paint Co., Inc.

RECEIVED-CLERK
U.S. DISTRICT COURT

2007 JAN 26  A 11: 07

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETRI PAINT COMPANY, INC.<br><br>                           Plaintiff,<br>vs.<br><br>OMG Americas, Inc., an Ohio Corporation and Superior Materials, Inc., a New York corporation<br>                           Defendants. | CIVIL ACTION NO. 06-04879 (JAG)<br><br>CIVIL ACTION<br>AMENDED COMPLAINT |

Plaintiff, located at 198 Pacific Street, City of Newark, County of Essex, State of New Jersey, by way of complaint against defendants, states:

### FIRST COUNT

1. Defendant OMG Americas, Inc. (hereinafter referred to as "OMGA") is an Ohio corporation with it principal place of business at 127 Public Square, 1500 Key Tower, Cleveland, Ohio, 44114-1221. At all times mentioned herein, "OMGA" is engaged in the manufacture and marketing of specialty chemicals, powders, and related products. Its products are sold as in this case in solutions which are used in the manufacture of polyurethane coatings.

2. Defendant Superior Materials, Inc. (hereinafter Superior) is a New York corporation with its principal place of business at 585 Stewart Avenue, Garden City, New York, 11530. At

all times mentioned herein, "Superior" is engaged in the wholesale marketing of OMGA products to paint companies such as the Plaintiff in New Jersey.

3. Both Defendants herein maintain sales forces in the State of New Jersey and are involved in the daily flow of commerce in this State.

4. "OMGA" sells the product "SKINO #2" in 55 gallon drums to the Plaintiff through the efforts of the sales force of Defendant "Superior".

5. On or about September 14, 2004, Plaintiff placed an order to purchase one (1) 55 gallon drum of "SKINO#2". Defendant "OMGA" shipped on September 15, 2004 a 55 gallon drum, negligently mislabeled as "SKINO#2" to the Plaintiff. In reality the drum contained a "calcium dryer" product and not "SKINO#2". Plaintiff, not aware that the drum was not the "SKINO#2" that it had ordered, used it in the manufacturing of its polyurethane coating.

7. "SKINO#2" was designed, developed, manufactured, supplied and sold by defendant, "OMGA. It was distributed by Defendant, Superior Materials, Inc., in New Jersey on behalf of Defendant, "OMGA". "SKINO#2 prevents the polyurethane product manufactured by the Plaintiff from forming a skin like covering while in the can and affords the user a much longer time period in which to apply the Plaintiff's product. The calcium dryer product that was actually shipped by the Defendant, "OMGA", produces the exact opposite reaction when mixed with the polyurethane product. It causes the polyurethane to produce a thick skin while in the can and prevents the end user from being able to use the product.

8. Defendant, "OMGA" knew or should have known that the 55 gallon drum which was sold and shipped to the Plaintiff was mislabeled.

9. The Defendant, "OMGA" knew or should have known that the mislabeled drum contained a dangerous hazardous calcium dryer which would cause a defect in the product produced by the Plaintiff.

10. The Defendants herein failed to timely and adequately warn plaintiff of the dangers and adverse reaction associated with the use of the negligently mislabeled calcium dryer in Plaintiff's polyurethane product.

11. The product destroyed gallons of Plaintiff's polyurethane product resulting in loss of income; caused the Plaintiff to have to pay out monies to reclaim defective polyurethane product; caused the Plaintiff to refund monies to dissatisfied customers; causing professional installers and "Do It Yourself" customers to refrain from purchasing their polyurethane products; causing suppliers to curtail their endorsement of Plaintiff's polyurethane product to its customers; all resulting in a destroyed reputation for the Plaintiff as a top line polyurethane producer.

12. Defendants are liable to plaintiff for the injury to its reputation and damages complained of herein by reason of having sold and placed into the stream of commerce mislabeled chemical product, which was unreasonably destructive to the Plaintiff's polyurethane product and by failing to warn plaintiff of the adverse effects which would be caused by the mislabeled calcium dryer product.

WHEREFORE, plaintiff demands judgment against defendants, and each of them, for compensatory and punitive damages, attorneys' fees and costs of suit, together with such other and further relief as the court deems proper.

## SECOND COUNT

1. Plaintiff repeats the allegations contained in the First Count as if set forth herein in their entirety.

2. Defendants did not perform appropriate laboratory tests prior to marketing and distributing the "SKINO#2" product during September, 2004.

3. Defendants failed to give Plaintiff adequate warning of the nature and extent of the dangers resulting from the use of the mislabeled calcium dryer drum.

4. The failure of defendants to perform adequate testing and to give the appropriate information, warnings, and directions was a direct and proximate cause of plaintiff's injuries and damages.

WHEREFORE, plaintiff demands judgment against defendants, and each of them, for compensatory and punitive damages, attorneys' fees and costs of suit, together with such other and further relief as the court deems proper.

### THIRD COUNT

1. Plaintiff repeats the allegations contained in the First and Second Counts as if set forth herein in their entirety.

2. At all relevant times, Defendant, OMGA was engaged in the business of selling chemical products for the paint industry.

3. During the period October, 2004 through February, 2005, plaintiff used the mislabeled calcium dryer in the production of their Petri "Diamond Hard" Polyurethane and, as a direct and proximate result thereof caused plaintiff to suffer severe damages.

4. Defendant, "OMGA", by and through their agents, servants and/or employees, expressly and impliedly represented to plaintiff that the chemical in the 55 gallon drum that was shipped on September 15, 2004, was safe and proper for its intended use and purpose, and guaranteed to the Plaintiff or user of Plaintiff's polyurethane product that said chemical was of useful merchantable quality.

5. The product failed to meet the warranty and guarantees provided to plaintiff.

6. As a direct and proximate cause of defendants' breach of warranty, plaintiff suffered severe injuries and damages.

WHEREFORE, plaintiff demands judgment against defendants, and each of them, for compensatory and punitive damages, attorneys' fees and costs of suit, together with such other and further relief as the court deems proper.

## FOURTH COUNT

1. Plaintiff repeats the allegations contained in the First, Second and Third Counts as if set forth herein in their entirety.

2. Defendants, "OMGA" and "Superior" were negligent, and reckless in the manufacturing, testing, marketing, and selling of the "SKINO#2" product. Plaintiff has suffered damages because of defendants' negligence and recklessness.

3. Defendants, "OMGA" and "Superior" acting through their agents, servants and/or employees, within the course and scope of their employment, breached their duty of reasonable care to plaintiff, as follows:

(a) Failing to test, the mislabeled "SKINO#2" drum prior to shipping in a way that would not injure or damage the Plaintiff, a user of the 'SKINO #2 product.

(b) Failing to timely and adequately warn Plaintiff of the risks of using the mislabeled chemical in the shipped drum when defendants knew, should have known, or were reckless in not knowing, of the damages that the use of the calcium dryer product would cause; and

(c) Otherwise failing to exercise due care under the circumstances.

4. As a direct and proximate result of defendants' negligence, carelessness, and/or recklessness, plaintiff was caused to suffer severe injuries and damage.

WHEREFORE, plaintiff demands judgment against defendants, and each of them, for compensatory and punitive damages, attorneys' fees and costs of suit, together with such other and further relief as the court deems proper.

### FIFTH COUNT

1. Plaintiff repeats the allegations contained in the First through Fourth Counts as if set forth herein in their entirety.

2. Defendant, "OMGA", by and through their agents, Defendant "SUPERIOR", their servants and/or employees, expressly and impliedly represented to plaintiff that the chemical in the 55 gallon drum that was shipped on September 15, 2004, was "SKINO#2".

3. Defendant, "OMGA", by and through their agents, Defendant "SUPERIOR", their servants and/or employees knew that the "SKINO#2" was being used in Plaintiff's polyurethane products and that Plaintiff relied on the Defendants and their representations that their product in the 55 gallon drum was safe and proper for its intended use and purpose. Defendant, knowing what the Plaintiff's ultimate use of the chemical was, guaranteed to the Plaintiff and/or user of Plaintiff's polyurethane product that said chemical was of useful merchantable quality.

4. Such conduct by the Defendants, "OMGA" and "SUPERIOR" was unconscionable commercial conduct. Their actions in connection with the manufacturing, testing, and distribution of the mislabeled hazardous chemical product which resulted in damages to the Plaintiff, were all in violation of New Jersey Consumer Fraud Statutes, N.J.S.A. 56:8-1, et seq..

5. Such representations by the Defendants, "OMGA" and "SUPERIOR" was also unconscionable in light of the fact that they knew the Plaintiff relied on their representations. Their actions in connection with the representations of the mislabeled hazardous calcium dryer

product which resulted in damages to the Plaintiff, were all in violation of New Jersey Consumer Fraud Statutes, N.J.S.A. 56:8-1, et seq..

WHEREFORE, Plaintiff, demands judgment in their favor, against Defendants, "OMGA" and "Superior", pursuant to N.J.S.A. 56:8-1 et seq, awarding them treble damages; attorneys' and expert fees, expenses, interests and costs of suit; punitive damages; and such other relief as the Court deems proper and just.

## SIXTH COUNT

1. Plaintiff repeats the allegations contained in the First, through Fifth Counts as if set forth herein in their entirety.

2. Defendant, "OMGA", expressly and impliedly represented to plaintiff that the chemical in the 55 gallon drum that was shipped on September 15, 2004, was "SKINO#2".

3. Defendant, "OMGA", knew that the chemical "SKINO#2" was being used in Plaintiff's polyurethane products and that Plaintiff relied on Defendant "OMGA" and their representations that the product in the 55 gallon drum was in fact, "SKINO#2".

4. Defendant, "OMGA", knowingly and negligently knew or should have known that the 55 gallon drum that was shipped on September 15, 2004, was not "SKINO#2".

5. Thus, Defendant, "OMGA", knowingly and negligently shipped mislabeled hazardous materials to the Plaintiff via interstate commerce in violation of Federal Statutes.

6. As a result of such conduct by the Defendants, "OMGA", Plaintiff used the mislabeled hazardous material in the manufacturing of its polyurethane product. The mislabeled hazardous material destroyed the Plaintiff's product and as a result Plaintiff suffered not only monetary damages but also damage to its reputation in the industry which continues to this date.

7. Defendant, "OMGA" is therefore responsible to the Plaintiff for its all damages as well as any damages to its reputation and future profits as a result of its violation of Federal Statutes.

WHEREFORE, Plaintiff, demands judgment in their favor, against Defendants, "OMGA" awarding them damages and future profits; attorneys' and expert fees, expenses, interests and costs of suit; punitive damages; and such other relief as the Court deems proper and just.

Lucariello & Gualano, LLC
Attorneys for Plaintiff

BY: _____
Hugh E. Lucariello, Esq. (HEL-2558)

DATED: January 23   2007

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues.

_____
Hugh E. Lucariello, Esq. (HEL-2558)

DATED:  January 23   2007

## DESIGNATION OF TRIAL COUNSEL

Hugh E. Lucariello, Esq. is designated as trial counsel in this matter.

_____
Hugh E. Lucariello, Esq. (HEL-2558)

DATED: January 23   2007

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or

reimburse for payment made to satisfy the judgment. If so, please attach a copy of each, or in the alternative state, under oath and certification: (a) policy number; (b) name and address of insurer; (c) inception and expiration date; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

_____
Hugh E. Lucariello, Esq. (HEL-2558)

DATED: January 23    2007

## CERTIFICATION

I certify that the matters in controversy in this action are not the subject of any other action pending in any other court or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated.

_____
Hugh E. Lucariello, Esq. (HEL-2558)

DATED: January 23    2007