UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETRI PAINT COMPANY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> OMG AMERICAS, INC. and SUPERIOR MATERIALS, INC., <br><br> Defendants. | **Document Electronically Filed** <br><br> Civil Action No.: 06-04879 (JAG) <br><br> **ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND** |

Defendant, OMG Americas, Inc. (hereinafter "OMGA" or "Defendant"), by and through its attorneys, the law firm of Gibbons, Del Deo, Dolan, Griffinger & Vecchione, A Professional Corporation, as and for its Answer to the Amended Complaint of Plaintiff says:

### FIRST COUNT

1. Defendant admits the allegations contained in Paragraph 1 of the First Count of the Amended Complaint insofar as Defendant is a producer and marketer of value-added, metal-based specialty products and related materials. As to the remainder of the allegations contained in Paragraph 1 of the First Count of the Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and leaves plaintiff to its proofs.

2. Insofar as the allegations contained in Paragraph 2 of the First Count of Plaintiff's Amended Complaint are not directed against OMGA, no response is required nor made thereto.

3. Insofar as the allegations contained in Paragraph 3 of the First Count of the Amended Complaint are directed at this answering defendant, OMGA denies the same. As to the remainder of the allegations contained in Paragraph 3 of the First Count of the Amended

Complaint not directed against this Defendant, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and leaves plaintiff to its proofs.

4. Defendant admits the allegations contained in contained in Paragraph 4 of the First Count of the Amended Complaint insofar as a Superior Materials acted as contractual Sales Agent of OMGA in connection with the subject sale of product to Plaintiff.

5. Defendant admits the allegations contained in Paragraph 5 of the First Count of the Amended Complaint insofar as plaintiff placed an order for SKINO #2 with Superior Materials, which Superior thereafter transmitted to OMGA, on or about September 14, 2004. As to the remainder of the allegations contained in Paragraph 5 of the First Count of the Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and leaves plaintiff to its proofs.

7.[1] Defendant admits the allegations contained in Paragraph 7 of the First Count of the Amended Complaint insofar as it marketed, distributed and labeled the subject product. As to the remainder of the allegations contained in Paragraph 7 of the First Count of the Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and leaves plaintiff to its proofs.

8. Defendant denies the allegations contained in Paragraph 8 of the First Count of the Amended Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the First Count of the Amended Complaint.

---

[1] The First Count of plaintiff's complaint does not contain a sixth paragraph.

10. Insofar as the allegations contained in Paragraph 10 of the First Count of the Amended Complaint are directed against this answering defendant, OMGA denies the allegations.

11. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the First Count of the Amended Complaint and, as such, leaves the plaintiff to its proofs.

12. Insofar as the allegations contained in Paragraph 12 of the First Count of the Amended Complaint are directed against this answering defendant, OMGA denies those allegations.

**WHEREFORE**, Defendant demands the entry of judgment in its favor and against plaintiff dismissing with prejudice all claims for relief set forth in the First Count of the Amended Complaint with an award in favor of Defendant and against plaintiff of attorneys' fees, interest, costs of suit and such further relief as this Court deems justified.

## SECOND COUNT

1. Defendant OMGA repeats and realleges each of its answers to the allegations contained in the First Count of the Amended Complaint as though set forth herein.

2. Insofar as the allegations contained in Paragraph 2 of the Second Count of the Amended Complaint are directed against this answering defendant, OMGA denies those allegations.

3. Insofar as the allegations contained in Paragraph 3 of the Second Count of the Amended Complaint are directed against this answering defendant, OMGA denies those allegations.

4. Insofar as the allegations contained in Paragraph 4 of the Second Count of the Amended Complaint are directed against this answering defendant, OMGA denies those allegations.

**WHEREFORE**, Defendant demands the entry of judgment in its favor and against plaintiff dismissing with prejudice all claims for relief set forth in the Second Count of the Amended Complaint with an award in favor of Defendant and against plaintiff of attorneys' fees, interest, costs of suit and such further relief as this Court deems justified.

## THIRD COUNT

1. Defendant OMGA repeats and realleges each of its answers to the allegations contained in the First and Second Counts of the Amended Complaint as though set forth herein.

2. Defendant admits the allegations contained in Paragraph 2 of the Third Count of the Amended Complaint insofar as OMGA is a producer and marketer of value-added, metal-based specialty products and related materials. As to the remainder of the allegations contained in Paragraph 2 of the Third Count of the Amended Complaint, Defendant denies those allegations.

3. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of the Third Count of the Amended Complaint and, as such, leaves the plaintiff to its proofs.

4. Defendant admits the allegations contained in Paragraph 4 of the Third Count of the Amended Complaint insofar as Defendant made all appropriate representations in connection with its sale of the subject product to the plaintiff, a sophisticated commercial entity and chemical product user. As to the remainder of the allegations contained in Paragraph 2 of the

Third Count of the Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and leaves plaintiff to its proofs.

5. Insofar as the allegations contained in Paragraph 5 of the Third Count of the Amended Complaint are directed against this answering defendant, OMGA denies those allegations.

6. Insofar as the allegations contained in Paragraph 6 of the Third Count of the Amended Complaint are directed against this answering defendant, OMGA denies those allegations.

**WHEREFORE**, Defendant demands the entry of judgment in its favor and against plaintiff dismissing with prejudice all claims for relief set forth in the Third Count of the Amended Complaint with an award in favor of Defendant and against plaintiff of attorneys' fees, interest, costs of suit and such further relief as this Court deems justified.

## FOURTH COUNT

1. Defendant OMGA repeats and realleges each of its answers to the allegations contained in the First through Third Counts of the Amended Complaint as though set forth herein.

2. Insofar as the allegations contained in Paragraph 2 of the Fourth Count of the Amended Complaint are directed against this answering defendant, OMGA denies those allegations.

3(a-c). Insofar as the allegations contained in Paragraph 3(a-c) of the Fourth Count of the Amended Complaint are directed against this answering defendant, OMGA denies those allegations.

4. Insofar as the allegations contained in Paragraph 4 of the Fourth Count of the Amended Complaint are directed against this answering defendant, OMGA denies those allegations.

**WHEREFORE**, Defendant demands the entry of judgment in its favor and against plaintiff dismissing with prejudice all claims for relief set forth in the Fourth Count of the Amended Complaint with an award in favor of Defendant and against plaintiff of attorneys' fees, interest, costs of suit and such further relief as this Court deems justified.

## FIFTH COUNT

1. Defendant OMGA repeats and realleges each of its answers to the allegations contained in the First through Fourth Counts of the Amended Complaint as though set forth herein.

2. Defendant admits the allegations contained in Paragraph 2 of the Fifth Count of the Amended Complaint insofar as Defendant made all appropriate representations in connection with its sale of the subject product to the plaintiff, a sophisticated commercial entity and chemical product user. As to the remainder of the allegations contained in Paragraph 2 of the Fifth Count of the Amended Complaint not directed against this Defendant, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and leaves plaintiff to its proofs.

3. Defendant admits the allegations contained in Paragraph 3 of the Fifth Count of the Amended Complaint insofar as Defendant was aware the subject product was intended to be used in the plaintiff's manufacturing process. As to the remainder of the allegations contained in Paragraph 3 of the Fifth Count of the Amended Complaint that are directed against this Defendant, OMGA denies those allegations. As to the remainder of the allegations contained in Paragraph 3 of the Fifth Count of the Amended Complaint not directed against this Defendant,

Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and leaves plaintiff to its proofs.

4. Insofar as the allegations contained in Paragraph 4 of the Fifth Count of the Amended Complaint are directed against this answering defendant, OMGA denies those allegations.

5. Insofar as the allegations contained in Paragraph 5 of the Fifth Count of the Amended Complaint are directed against this answering defendant, OMGA denies those allegations.

**WHEREFORE**, Defendant demands the entry of judgment in its favor and against plaintiff dismissing with prejudice all claims for relief set forth in the Fifth Count of the Amended Complaint with an award in favor of Defendant and against plaintiff of attorneys' fees, interest, costs of suit and such further relief as this Court deems justified.

## SIXTH COUNT

1. Defendant OMGA repeats and realleges each of its answers to the allegations contained in the First through Fifth Counts of the Amended Complaint as though set forth herein.

2. Defendant admits the allegations contained in Paragraph 2 of the Sixth Count of the Amended Complaint insofar as Defendant made all appropriate representations in connection with its sale of the subject product to the plaintiff, a sophisticated commercial entity and chemical product user. As to the remainder of the allegations contained in Paragraph 2 of the Sixth Count of the Amended Complaint, OMGA denies those allegations.

3. Defendant admits the allegations contained in Paragraph 3 of the Sixth Count of the Amended Complaint insofar as Defendant was aware the subject product was intended to be used in the plaintiff's manufacturing process. As to the remainder of the allegations contained in

Paragraph 3 of the Sixth Count of the Amended Complaint that are directed against this Defendant, OMGA denies those allegations.

4. Defendant denies the allegations contained in Paragraph 4 of the Sixth Count of the Amended Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of the Sixth Count of the Amended Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Sixth Count of the Amended Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of the Sixth Count of the Amended Complaint.

**WHEREFORE**, Defendant demands the entry of judgment in its favor and against plaintiff dismissing with prejudice all claims for relief set forth in the Sixth Count of the Amended Complaint with an award in favor of Defendant and against plaintiff of attorneys' fees, interest, costs of suit and such further relief as this Court deems justified.

**GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE**
A Professional Corporation
One Riverfront Plaza
Newark, New Jersey 07102-5496
(973) 596-4500
rreinartz@gibbonslaw.com
Attorneys for Defendant
OMG Americas, Inc.

By: /s/ Richard A. Reinartz
_____
Richard A. Reinartz (RR - 7433)

DATED: February 2, 2007

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Any loss or damage suffered by Plaintiff was a direct and proximate result of the acts or omissions of Plaintiff and others over whom OMGA had no control and for whom OMGA is not liable.

### THIRD SEPARATE DEFENSE

OMGA did not breach or violate any alleged duty owed to Plaintiff.

### FOURTH SEPARATE DEFENSE

Plaintiff has suffered no compensable damages.

### FIFTH SEPARATE DEFENSE

Any damages alleged by Plaintiff are not recoverable under the Uniform Commercial Code, as codified at N.J.S.A. § 12A:1-101, et seq.

### SIXTH SEPARATE DEFENSE

OMGA did not breach any of its duties and obligations as defined by contract and/or the Uniform Commercial Code, as codified at N.J.S.A. § 12A:1-101, et seq., in connection with its sale of goods to Plaintiff.

### SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the equitable doctrines of laches, ratification, waiver and estoppel.

### **EIGHTH SEPARATE DEFENSE**

At all relevant times Defendant complied with all applicable laws, rules, regulations, and standards.

### **NINTH SEPARATE DEFENSE**

Plaintiff's Complaint is barred, in whole or in part, by Plaintiff's failure to mitigate its alleged damages.

### **TENTH SEPARATE DEFENSE**

OMGA reserves the right to assert such additional affirmative defenses arising in fact or in law as may be ascertained during the course of the within proceedings.

**WHEREFORE**, Defendant OMGA demands the entry of judgment in its favor and against plaintiff dismissing with prejudice all claims for relief set forth in the Plaintiff's Amended Complaint with an award in favor of Defendant and against plaintiff of attorneys' fees, interest, costs of suit and such further relief as this Court deems justified.

**GIBBONS, DEL DEO, DOLAN, GRIFFINGER & VECCHIONE**
A Professional Corporation
One Riverfront Plaza
Newark, New Jersey  07102-5496
(973) 596-4500
rreinartz@gibbonslaw.com
Attorneys for Defendant
OMG Americas, Inc.

By:  /s/ Richard A. Reinartz
_____
Richard A. Reinartz (RR - 7433)

DATED:  February 2, 2007

## JURY DEMAND

Defendant OMG Americas, Inc. hereby demands a trial by jury on any issues triable as a right by a jury.

          **GIBBONS, DEL DEO, DOLAN,**
          **GRIFFINGER & VECCHIONE**
          A Professional Corporation
          One Riverfront Plaza
          Newark, New Jersey  07102-5496
          (973) 596-4500
          rreinartz@gibbonslaw.com
          Attorneys for Defendant
          OMG Americas, Inc.

          By:  /s/ Richard A. Reinartz
          _____
          Richard A. Reinartz (RR - 7433)

DATED:  February 2, 2007

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, the foregoing document was served in accordance with the Federal Rules of Civil Procedure, and/or the District of New Jersey's Local Rules, and/or the District of New Jersey's Rules on Electronic Service.

I further certify that all of the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

> **GIBBONS, DEL DEO, DOLAN, GRIFFINGER & VECCHIONE**
> A Professional Corporation
> One Riverfront Plaza
> Newark, New Jersey  07102-5496
> (973) 596-4500
> rreinartz@gibbonslaw.com
> Attorneys for Defendant
> OMG Americas, Inc.
>
> By:  /s/ Richard A. Reinartz
> _____
> Richard A. Reinartz (RR - 7433)

DATED:  February 2, 2007